Opinion delivered May 9, 1888.

## No. 5906.

## W. S. BILES *v.* THE STATE.

1. GAMING—EVIDENCE.—The prosecution against the appellant was for permitting an inhibited game of cards to be played in a house under his control. As tending to establish the ownership of the house in the appellant, the State was permitted to introduce in evidence a certain deed which conveyed title to the said house to the appellant, and which was signed by a partnership firm, but acknowledged by only one of the partners. *Held,* that the deed was competent evidence.

2. SAME.—The defense introduced one of the grantors in the deed, and proposed to prove by him that the appellant was not present when the deed was executed; never paid any consideration for the house; that the deed was never delivered to him, and that he did not know of its execution until this prosecution was instituted against him. It was objected by the State that the appellant had not filed an affidavit of the forgery of the deed, and that the recitals of the deed could not be impeached in the manner proposed. *Held,* that the objections were without merit, and that in sustaining them and excluding the proof, the trial court erred.

APPEAL from the County Court of Llano.     Tried below before the Hon. E. C. Bonham, County Judge.

The appellant was convicted for permitting a game of cards to be played on his premises, in a house appurtenant to a house for retailing spirituous liquors. The penalty assessed against the appellant was a fine of twenty-five dollars.

The several witnesses who described the house named in the indictment as that in which the game of cards was played, described it as a small room built in the immediate rear of a drink-

ing saloon, and connected with that drinking saloon by a platform. The several witnesses testified that games of cards were played in that house by a great many persons about the time mentioned in the indictment. None of the State's witnesses, however, at any time saw the defendant exercising care, control or authority over that house, though each witness had seen him in the house. But one of the State's witnesses testified that he knew who had control of the said house at the time alleged in the indictment, and he declared that the person who had that control was not the defendant. One witness for the defense, testified that he knew who had control of the house at the time alleged in the indictment, and that person was *not* the defendant.

The opinion otherwise discloses the case.

*Flack & Moore*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. Appellant was convicted for permitting a game at cards to be played on his premises, the same being appurtenant to a house for retailing spiritous liquors.

To establish that the premises belonged to appellant, the State introduced in evidence a deed to the same from Rogers & Simmons to defendant. This deed was signed by Rogers and Simmons (they being partners), and acknowledged by W. J. Rogers, a member of the firm. There was no error in admitting this deed.

Appellant proposed to prove by W. J. Rogers that he, appellant was not present when the deed was signed; that he had never paid the grantors anything for the premises; that he never knew that there was such a deed until after this indictment was presented, and that said deed was never delivered to him. To this the counsel for the State objected, first, because defendant had not filed an affidavit that said deed was a forgery; second, that defendant could not in this way impeach the recitals in said deed. The objections were sustained and defendant reserved his bill.

This evidence was clearly competent, and the objections were without merit. The accused must be convicted for his own acts and omissions, and not for the deeds of others. The judgment is reversed and the cause remanded.

*Reversed and remanded.*